UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Donald M. McGrew,<br>Plaintiff,<br><br>    v.<br><br>American Credit Acceptance, LLC,<br>Defendant. | CASE NO.: 2:23-cv-05877-BHH-MHC<br><br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1. This suit is brought, and jurisdiction lies pursuant to § 107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117) (hereinafter "ADA"), which incorporates by reference § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5, and pursuant to Age Discrimination in Employment Act (ADEA) of 1967, as amended, 29 U.S.C. §630.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

   a. A charge of employment discrimination on basis of disability discrimination was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

   b. Notice of the Right to Sue was received from EEOC on or about August 24, 2023.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

4. The Defendant owns and operates a business in this judicial district and all of the events or omissions giving rise to the claim occurred in this judicial district. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

5. The Plaintiff, Donald M. McGrew, is a citizen and resident of Dorchester County, South Carolina.

6. The Defendant, American Credit Acceptance, LLC, is upon information and belief, is a domestic corporation organized and operating under the laws of the State of South Carolina located in this judicial district.

7. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

8. Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, ADA, and ADEA.

9. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, ADA, and ADEA.

10. The Defendant is an industry that affects commerce within the meaning of Title VII, ADA, and ADEA.

11. The parties, subject matter and all things and matters hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

12. On or about October 7, 2016, Plaintiff, a 62-year-old man, began working for the Defendant as a Regional Development Specialist. At all times, the Plaintiff was efficient and effective in his work, receiving positive employee evaluations.

13. In or around April 2021, the Plaintiff had to go out of work for cardiac surgery. Plaintiff kept in contact with Defendant. The Plaintiff is a person with a serious medical condition as defined by the ADA.

14. The Plaintiff was working remotely until in or around March 2022. The Plaintiff returned to work with Defendant and realized that his territories started to get taken from him and they were giving them to a younger, less qualified individual.

15. The Plaintiff notified Defendant in or around May 2022, that he would again need to be out of work for another surgery in July.

16. On or about May 5, 2022, Plaintiff and Defendant had a meeting, which Plaintiff was put on special review days prior to his surgery, which also affected his numbers report.

17. Plaintiff reported the age and disability discrimination and retaliation to Defendant Human Resources Representative, Amy Watson, but nothing was done.

18. When Plaintiff returned to work after his second surgery, his physician gave him restrictions, which included that Plaintiff was unable to travel or drive until October 3, 2022. Plaintiff was able to work from home, but he had to get 2-3 contracts a month and make 20 contact calls per day, which Defendant met the accommodations as they were reasonable.

19. Soon after providing the accommodations, Defendant assigned a significant portion of Plaintiff's territories to a younger, less qualified person.

20. On or about October 3, 2022, Plaintiff provided Defendant with a doctor's note that stated that Plaintiff was to remain on the restrictions until January 1, 2023. Instead of the Defendant continuing to comply with the accommodations, Plaintiff was instead terminated on October 7, 2022.

21. At all times prior to and at the time of the incident, Plaintiff acted in a prudent and reasonable manner and in no way contributed to his termination.

22. Plaintiff has suffered permanent medical disabilities. Plaintiff continues to suffer from medical conditions through the present time. Plaintiff is an individual with a "disability" within the meaning of §3(2) of the Americans with Disabilities Act, 42 U.S.C. §12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of his major life activities and has a record of such impairment.

23. Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual with a disability who can perform the essential functions of his job and other jobs in Defendant's employment, and who requested reasonable accommodations.

24. Plaintiff asserts and demonstrated he can perform the essential functions of his job with reasonable accommodations.

25. The Plaintiff asserts that the reasons given for his termination and loss of employee benefits were a mere pretext for the discrimination against Plaintiff based on his disability and age.

26. As a direct and proximate result of Defendant's discrimination on the basis of disability and age, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

27. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Plaintiff's employment discrimination as alleged above.

28. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

29. As alleged above, Plaintiff has a medical disability. Plaintiff satisfactorily performed his essential and fundamental job functions and was an exemplary employee in all respects.

30. Plaintiff informed Defendant of his disability and required accommodations. Plaintiff requested accommodations due to his disability. Defendant for some time accommodated the Plaintiff's disability and then decided to deny those accommodations and terminated Plaintiff's position and caused him to lose pay and benefits, including but not limited to health benefits, in retaliation for his medical disability.

31. Defendant its agents and employees, without just cause refused to provide accommodations to Plaintiff due to his medical disability and continues to refuse to employ Plaintiff forcing him to lose pay and all of his benefits in violation of the Americans with Disabilities Act and the Age Discrimination in Employment Act of 1967.

32. The acts and conduct of Defendant set forth above were against public policy and were conducted in bad faith.

33. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Defendant's retaliation as alleged above. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and pay.

34. As a direct and proximate result of the acts and practices of Defendant in the discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

## FOR A FIRST CAUSE OF ACTION
### Violation of Americans with Disabilities Act

35. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

36. Plaintiff is a handicapped person as defined by the Code of Laws of South Carolina, §2-7-35, as amended, and the ADA, in that he has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

37. Plaintiff is guaranteed the opportunity to maintain employment without discrimination because of his disability pursuant to the American Disabilities Act and Code of Laws of South Carolina, §43-33-530, as amended.

38. Defendant has discriminated against Plaintiff, a handicapped person, without reasonable justification as prohibited by Sec. 102 of the ADA, 42 U.S.C. §12112 and the Code of Laws of South Carolina, §43-33-350, as amended.

39. Despite being a person with a disability, the Plaintiff can perform the essential functions of his job.

40. Defendant initially agreed to the Plaintiff's request for reasonable accommodations, the abruptly denied them and since has failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make reasonable accommodations for employment.

41. Based on Plaintiff's disability and request for accommodations, Defendant retaliated against the Plaintiff in his employment, in violation of the Act.

42. Due to the acts of the Defendant, its agents and employees, Plaintiff is entitled to, back wages, plus interest, payment for lost past and future benefits, front pay, mental anguish, emotional distress, payment of medical bills, payment of damages, attorney fees and costs.

## FOR A SECOND CAUSE OF ACTION
### Violation of Age Discrimination in Employment Act

43. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

44. Plaintiff is a member of a protected group on the basis of his age. Plaintiff was an employee for a position that he was qualified for and was an individual over forty (40) years old. Plaintiff was retaliated against and terminated from his position due to his age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the ADEA of 1967, as amended, 29 U.S.C. §630.

45. Defendant was wanton, and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to promote or continue to employ Plaintiff due to his age;

   b. In retaliating against Plaintiff and showing disparate treatment against Plaintiff for making reports of age discrimination and inappropriate behaviors; and

   c. In discharging Plaintiff due to his age and in retaliation for making reports of discrimination and inappropriate behaviors.

46. Defendant violated the Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.) and the ADEA of 1967, as amended, 29 U.S.C. §630 by allowing the discrimination to exist in the workplace.

47. Employees outside of the Plaintiff's protected class were treated more favorably by the Defendant.

48. Plaintiff's age was a determining factor in the retaliation, disparate treatment and termination of the Plaintiff. But for the Plaintiff's age and reporting of discrimination he would not have been terminated.

49. As a direct and proximate result of the acts and practices of Defendant in the discrimination, retaliation, disparate treatment and wrongful discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from loss of income, back pay, front pay, lost benefits, attorney's fees and costs, and other past and future losses.

## FOR A THIRD CAUSE OF ACTION
### Retaliation – Violation of ADA and ADEA

50. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

51. As alleged above, Plaintiff complained to the Defendant on several occasions about discrimination due to his age and disability.

52. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.) in violation of the ADA and ADEA.

53. That shortly after making said complaints, the Defendant fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

54. The Defendant's stated reasons for retaliation and wrongful discharge were a mere pretext for the retaliation against Plaintiff based on his engaging in protected activity.

55. The Plaintiff's reports of discrimination based on his age and disability were determining factors in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff's reports of discrimination based on his age and disability, he would not have been terminated.

56. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

57. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), ADA, and ADEA.

58. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), ADA, and ADEA.

59. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), ADA, and ADEA, and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

60. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

61. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

**RELIEF REQUESTED**

Plaintiff requests a judgment by this Court against Defendant as follows:

1.  Judgment in favor of the Plaintiff and against Defendant for all causes of action;

2.  An Order that Plaintiff be awarded the back pay he would have earned, with related monetary benefits and interest thereon, had he been kept in his proper employment, attorney's fees and costs of this action and all other remedies allowable by statute or otherwise;

3.  Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

4.  An award to the Plaintiff for punitive damages in an amount to be determined at the trial of this matter;

5.  An award for mental anguish, mental suffering, stress, humiliation, etc., and the medial bills related to the treatment of these conditions;

6.  An award of Plaintiff's attorney fees, including litigation expenses, prejudgment interest, and the costs of this action; and

7.  For such other and further relief as this Court deems just and proper and allowable remedies by statute, case law or otherwise.

**WIGGER LAW FIRM, INC.**

s/*Matthew O. King*
Matthew O. King (Fed. I.D. #13793)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
N. Charleston, SC 29406
843-553-9800

North Charleston, South Carolina
November 16, 2023