IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Donald M. McGrew, | ) |
| Plaintiff, | ) ) ) ) Civil Action No. 2:23-cv-05877-BHH |
| v. | ) |
| American Credit Acceptance, LLC, | ) **ORDER** ) ) |
| Defendant. | ) ) |

Plaintiff Donald M. McGrew ("Plaintiff") filed this employment discrimination action against his former employer, Defendant American Credit Acceptance, LLC ("Defendant" or "ACA") pursuant to the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA"). (ECF No. 1.) Pursuant to the provisions of Title 28, U.S.C. § 636(b)(1)(A) and (B), and the Local Rules, D.S.C., this matter was referred to a United States Magistrate Judge for consideration.

Now before the Court is Defendant's motion for summary judgment. (ECF No. 19.) Plaintiff filed a response in opposition, and Defendant filed a reply. (ECF Nos. 22, 26.)

On July 25, 2025, United States Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report"), recommending that the Court grant Defendant's motion for summary judgment. (ECF No. 28.)

On August 15, 2025, Plaintiff filed objections to the Report, and on September 5, 2025, Defendant filed an opposition in response to Plaintiff's objections. (ECF Nos. 31, 34.) Accordingly, this matter is now ripe for review.

## STANDARD OF REVIEW

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Report sets forth in detail the relevant facts, either undisputed or viewed in the light most favorable to Plaintiff, and the standard of review, and no party objects to these portions of the Report. The Court finds no clear error in these portions of the Report and incorporates these portions without recitation.

Plaintiff's first objection to the Report is that the Magistrate Judge erred in finding that Plaintiff failed to show that Defendant's reasons for his termination were a pretext for disability discrimination. According to Plaintiff, the "moving goalpost" evidence – i.e., ACA's decision to not remove Plaintiff from the PIP at the end of August despite

2

compliance but extend the PIP and add three new requirements – "creates a jury question on pretext." (ECF No. 31 at 2-3.) The sequence of events between July 4, 2022, and the date ACA made the decision to terminate Plaintiff, September 28, 2022, are not disputed, but Plaintiff claims that the Report "mischaracterizes the record regarding [Plaintiff]'s performance during his modified PIP." (*Id.*)

The Court's *de novo* review of the Report and the record reveals just the opposite. Indeed, the Magistrate Judge acknowledges in her Report that there is evidence in the record that Plaintiff "met behavioral expectations" of the PIP "in August 2022." (ECF No. 28 at 22.) Notably, Plaintiff's objection fails to address the Report's explanation for why this evidence, and the extension of the PIP by ACA, is insufficient to establish pretext. (*Id.*) Indeed, Plaintiff seemingly ignores the undisputed fact that he failed to meet two quantifiable actions of the PIP in the **month of September** that were **not** new requirements and were tasks that Plaintiff could perform from home. Thus, the Court finds no merit to Plaintiff's first objection.

Plaintiff's second objection is that the Magistrate Judge's temporal proximity analysis was incomplete. (ECF No. 31 at 3.) Plaintiff states: "[t]he termination decision was made on September 28, 2022—exactly when [he] was scheduled for physician re-evaluation that could have extended his driving restrictions," and he argues that "[t]his timing cannot be coincidental." (*Id.*) However, Plaintiff does not explain how Defendant's knowledge of the possibility of extended driving restrictions undermines Defendant's stated, legitimate reasons for Plaintiff's discharge – i.e., that he failed to meet two metrics set forth in the **original** PIP which Plaintiff was to perform **from home**. After *de novo*

3

review, the Court finds no error in the Magistrate Judge's temporal proximity analysis. Thus, the Court overrules Plaintiff's second objection.

Plaintiff's third objection is that the "Magistrate Judge failed to recognize genuine disputes regarding ACA's contradictory positions on remote work capabilities." (ECF No. 31 at 4.) According to Plaintiff, "ACA's contradictory positions—simultaneously claiming the accommodation was adequate while acknowledging it would impact performance—create a genuine dispute about whether the accommodation was provided in good faith or was designed to set McGrew up for failure." (*Id.* at 5.) Plaintiff first points to his supervisor John Morton's undisputed testimony that Plaintiff's inability to make in-person visits would "absolutely" impact his job performance (*Id.* at 4.) Plaintiff then points to what he calls "ACA's Contradictory Accommodation"—imposing an "'outside sales' metrics while restricting [him] to 'inside sales' methods." (*Id.*) And, finally, Plaintiff points to what he calls "The Inside Sales Deception," wherein he contends he was "provided contact information for an inside sales expert who supposedly closed deals remotely," but when Plaintiff reached out, the expert stated that he closed deals in person. (*Id.*)

This Court's *de novo* review reveals that ACA accommodated Plaintiff's driving restrictions by delaying the start of his PIP and then amending the PIP to remove requirements for in-person dealership visits. Even accepting as true that an inside sales expert was of no assistance to Plaintiff with regard to closing deals remotely, it is undisputed that ACA did ***not*** terminate Plaintiff for failing to close a certain number of deals remotely (or in person). Rather, the undisputed record evidence reveals that ACA accommodated Plaintiff's restrictions and that Plaintiff was terminated for failing to meet the modified requirements of making a required number of daily outbound phone calls

4

and reviewing a specified number of financing applications. Thus, Plaintiff's third objection is without merit.

Plaintiff's fourth objection is that the Magistrate Judge improperly resolved disputed questions of discriminatory intent. (ECF No. 31 at 5.) Plaintiff first contends that Delbert Campbell's "so old" comment, combined with questions about Plaintiff's ability to use technology, creates an inference of discriminatory animus. (*Id.*) The Magistrate Judge found otherwise, noting that "there is no evidence that Campbell [, a coworker,] played any role in the decisions to restructure the market, initiate the PIP, or terminate Plaintiff's employment." (ECF No. 28 at 14.) Notably, Plaintiff does not argue otherwise but instead generally complains that the Report makes credibility determinations. The Court disagrees and likewise finds that this stray comment made by a non-decisionmaker more than a year before Plaintiff's termination does not lead to any "inference of discriminatory animus that permeated the workplace culture." (ECF No. 31 at 5.)

Next, Plaintiff claims there is a dispute over whether the decision to reduce his territory "was business-driven or discriminatorily motivated" because the reduction occurred when John Morton became his supervisor. (ECF No. 31 at 5.) Plaintiff does not explain the significance of the timing between the reduction and Morton becoming his supervisor. For example, Plaintiff does not argue that Morton harbored animus towards him based on age or disability (nor could he as there is no such evidence in the record). Further, the record reveals that the realignment occurred months before Plaintiff first informed ACA of his planned medical procedure and related work restrictions. The Magistrate Judge found that Defendant "has produced [a] legitimate, nondiscriminatory reason[]" for the market restructuring – namely, that "ACA reconfigured Plaintiff's sales

5

territory as part of a larger realignment of ACA's Florida markets." (ECF No. 28 at 14; *id.* at 14 n.7.) Importantly, the Report notes that Plaintiff "testified that the split [of Jacksonville from the Charleston/Savannah market] 'was pretty much a foregone conclusion. They had pretty much warned—not warned, but had made the statement several times that was what the company was going towards.'" (*Id.* at 4 (quoting ECF No. 19-2, McGrew Dep. 126:2-16).) Moreover, as also noted in the Report, the individual who took over the Jacksonville territory was sixty years old at the time. (*Id.* at 13.) Thus, after a *de novo* review, the Court finds that the Magistrate Judge did not improperly resolve a factual dispute with regard to the territory reassignment timing.

Next, Plaintiff contends that he "provided evidence that he was held to a different standard than younger employees, including the individual who received part of his Florida territory." (ECF No. 31 at 5.) Plaintiff provides no citations to the record to support this statement, nor does he explain what specific evidence was purportedly ignored or overlooked by the Magistrate Judge in her Report.

Ultimately, for all the foregoing reasons, the Cout finds no merit to Plaintiff's fourth objection that the Magistrate Judge made improper credibility determinations.

Plaintiff's fifth and final objection is that the Magistrate Judge (a) "found a jury question existed regarding whether [Plaintiff] was a qualified individual but then ignored this finding in analyzing his discrimination claims," and (b) failed to address whether ACA engaged in the ADA interactive process in good faith. (*Id.* at 6.) As to the first part of this objection, Plaintiff does not expand on this assertion, either by explaining how or where this finding should have been further discussed. As noted by Defendant, it appears Plaintiff is "focusing on a single element of the prima facie case while ignoring the others,"

6

as Plaintiff must establish all four prongs of a *prima facie* case of disability discrimination. (ECF No. 34 at 10.)

The Court's *de novo* review reveals that the Magistrate Judge found that a question of fact exists as to whether Plaintiff is a qualified individual under the ADA but ultimately, she recommended summary judgment in favor of ACA because she properly concluded that "Plaintiff has failed to establish that he was meeting his employer's legitimate expectations at the time of his discharge." (ECF No. 28 at 20.) The Court fails to see any so-called "inconsistency" in the Magistrate Judge's analysis that would warrant a different ruling on Plaintiff's disability discrimination claim.

Finally, as to the second part of this objection, the Court notes that this is the first time Plaintiff has ever made any argument that ACA did not properly engage in the interactive process in response to Plaintiff's request for an accommodation. And "the [C]ourt is not obligated to consider new arguments raised by a party for the first time in objection to the magistrate's report." *Elliott v. Oldcastle Lawn & Garden, Inc.*, No. 2:16-cv-01929-DCN, 2017 WL 1206408, at *3 (D.S.C. March 31, 2017); *see also Clark v. Thompson*, Civ. A. No. 0:12-cv-02669-RBH, 2014 WL 1234347, at *2 (D.S.C. March 25, 2014) (noting a party's new argument raised for the first time in his objections "must be overruled as untimely and thus improper"). Nevertheless, even if the Court were to consider this argument, the Court finds that it fails for the reasons articulated above regarding ACA's good faith efforts to provide reasonable accommodations to Plaintiff.

## CONCLUSION

For the foregoing reasons, the Court **adopts and specifically incorporates** the Magistrate Judge's Report (ECF No. 28); **overrules** Plaintiff's objections (ECF No. 31);

7

and **grants** Defendant's motion for summary judgment. (ECF No. 19.) Accordingly, this matter is dismissed with prejudice.

    **IT IS SO ORDERED.**

                                              /s/ *Bruce Howe Hendricks*
                                              United States District Judge

September 11, 2025
Charleston, South Carolina